PHILIP PIPKIN, plaintiff in error, vs. THOMAS GRACE defendant in error.

When a judgment was obtained in 1866 on a promissory note made in 1860, and under the relief act of 1868 the defendant filed an affidavit to reduce the debt, on the ground that in 1868 he had tendered to the plaintiff the whole amount due, which he refused, and that the defendant had thereby lost the sum tendered:

*Held*, that there was nothing in the facts stated creating such an equity between the parties as justified the reduction of the debt, and it was not error in the court to order the execution to proceed.

Relief Act of 1868. Tender. Before JACOB WATSON, Esq., Judge *pro hac vice*. Pulaski Superior Court. April Term, 1873.

At the April term, 1866, of Pulaski superior court, Thomas Grace recovered a judgment against Philip Pipkin for $214 50 principal, besides interest and costs, on a note made "prior to the year 1860." Execution was issued thereon and a levy made. The defendant filed his affidavit under the relief act of 1868, to open said judgment, setting up that in the fall of 1862 he tendered to the plaintiff on two separate occasions the whole amount of said debt, and he refused to receive the same, by reason of which the money tendered was lost to the defendant; that after said tenders defendant sent the amount due to the plaintiff, who again refused to accept the same.

The affidavit failed to state in what currency the tenders were made. Upon demurrer it was dismissed, and defendant excepted.

L. C. RYAN, for plaintiff in error.

WARREN & GRICE, by brief, for defendant.

McCAY, Judge.

It does not appear whether the tender set up was in gold and silver or Confederate notes. If it was the latter, it was no defense either in law or equity. The promise to pay was in gold and silver. Why should an offer to pay in Confederate money beget any equity. There is no allegation as to the circumstances of the tender, as that defendant, under some contract with the plaintiff, was induced to sacrifice property to get Confederate money, and that defendant, by refusing to receive it, had damaged him, setting forth the nature and extent of the damage, etc. Nothing appears here but the simple tender. If the tender was gold or silver, or legal tender notes, then the defense, for what it was worth, to-wit: the interest, was good at law, and should have been set up before judgment. In no event, so far as the facts are set forth, can we see any equity which authorizes the court to go behind the judgment.

Judgment affirmed.